IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § CRIMINAL DOCKET NO: |
| v. | § 3:17-CR-155-L-07 |
| | § |
| MICHAEL TABA | § |

### DEFENDANT TABA'S AMENDED MOTION FOR CONTINUANCE OF TRIAL AND PRETRIAL MATERIALS DEADLINES

TO THE HONORABLE JUDGE SAM A. LINDSAY:

COMES NOW, MICHAEL TABA, defendant, by and through his counsel of record, Erin Brennan, and hereby moves this Court for a continuance of defendant's jury trial and pretrial materials deadlines. In support thereof, Dr. Taba states the following:

1. This case is presently scheduled for a jury trial at 9:00 a.m. on September 11, 2023. Pretrial materials are due on August 14, 2023, and August 21, 2023.

2. Dr. Taba is charged in a four-count superseding indictment and is currently out on conditions of pretrial release.

3. This case proceeded to trial in October 2022. However, through no fault of Dr. Taba, a mistrial was declared in December 2022. Philip Ray and Jeffrey King represented Dr. Taba during this trial. After the trial, there was a fee agreement dispute between Dr. Taba's prior counsel that lasted the first few months of 2023, which caused a significant delay in communications and trial preparations for Dr. Taba's case and upcoming September trial. The fee agreement dispute was never resolved so Dr. Taba retained new counsel and Steven Wells and Erin Brennan substituted in as counsel of record at the end of May 2023. Efforts were made to obtain the discovery and evidence from previous counsel, Philip Ray; however, Mr. Ray did not have the discovery and sent what he had which consisted of exhibit binders from the first trial and trial transcripts.

1

Accordingly, on June 12, 2023, Ms. Brennan reached out to the government to obtain the discovery in this case. A small portion of the discovery was produced via USAFx on June 29, 2023. The remaining discovery was sent on a hard drive and received by Steven Wells the following week. The discovery in this case consists of roughly 65 GB of evidence, plus 90.8 GB of evidence received from Dr. Taba's prior counsel, Joe Kendall. Additionally, Steven Wells and Erin Brennan spent half a day viewing the physical evidence at the United States Postal Service on August 4, 2023. Moreover, undersigned counsel has spent hours reviewing the various pretrial materials that were filed before the first trial in October of 2022, and hours reviewing the trial transcripts and government's approximately 300 exhibits from the October 2022 trial.

  4. This Court's Amended Trial Order states that none of the dates contained therein will be extended unless exceptional circumstances or good cause is shown. (Doc. 540 at 5.) Good cause requires both a finding of cause and prejudice. *United States v. Dennis*, 41 F.4th 732, 739-40 (5th Cir. 2022). The Fifth Circuit has explained that "[w]hether a party complaining of inadequate preparation time was properly denied a continuance depends on (1) the amount of preparation time available, (2) whether the defendant took advantage of the time available, (3) the likelihood of prejudice from a denial, (4) the availability of discovery from the prosecution, and (5) the complexity of the case." *United States v. Scott*, 48 F.3d 1389, 1393 (5th Cir. 1995). Defense counsel has three months to prepare for a complex healthcare fraud trial that includes four defendants, two discharged defendants, one cooperating defendant, and one deceased defendant. However, counsel only has two months to review all the discovery in this case, roughly 155 GB of evidence. Counsel has taken advantage of every minute of time available, however, more time is needed to effectively prepare for trial. Dr. Taba will suffer prejudice from a denial of this motion for a continuance because it is not feasible for counsel to review every bit of discovery to ensure

that the defense's exhibit list contains all the exhibits necessary for an adequate defense of this case. The same goes for the defense's witness list. While the prosecution was very generous and expeditious in providing the defense with the discovery, there was a few weeks of a delay in receiving the discovery (June 12 to June 29, 2023). The defense contends that cause exists due to a fee agreement dispute with Dr. Taba's prior counsel that caused a significant delay in communications and trial preparations. Additionally, there is a high likelihood of prejudice in denying the motion to continue due to the limited time current counsel has to review the voluminous discovery and effectively prepare for trial.

5. The defense's request is not due to a lack of due diligence by defense counsel but rather is caused by the need for additional time for effective preparation and for defense counsel to provide effective assistance of counsel to Dr. Taba. Additionally, the defense certifies that this request is not made for the purposes of unwarranted delay.

6. The Speedy Trial Act provides that a district court may continue a case when "the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), [but] would . . . deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

7. The defense respectfully requests that the Court grant a 30-day continuance of the defendant's jury trial and pretrial materials deadlines. If the Court is not inclined to grant a 30-day continuance, the defense respectfully requests a two-week continuance of the defendant's jury trial and pretrial materials deadlines. If the Court is not inclined to grant a two-week continuance, at a bare minimum, the defense requests a one-week continuance of the August 14, 2023, pretrial materials deadline so that all pretrial materials are due on August 21, 2023. If the pretrial materials

deadlines get extended, the defense requests the deadlines to be extended for all the defendants, as well as the government. To be clear, Dr. Taba's defense team truly believes that a 30-day continuance is needed to afford due process to Dr. Taba and effective assistance of counsel. Should the Court grant a continuance, Dr. Taba agrees that any period of delay resulting therefrom, made necessary by this request for a continuance, shall be excludable under 18 U.S.C. § 3161(h). Additionally, the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

8. Defense counsel has discussed this motion with the Assistant United States Attorney, Ethan Womble, and he advised that the government is opposed to any type of continuance. Defense counsel consulted with counsel for James Noryian, Jeff Kearney, and he advised that he is unopposed to a two-week continuance of the trial and pretrial materials deadlines but opposed to a 30-day continuance. Defense counsel spoke with counsel for David Noryian, Tom Melsheimer, and he advised that he is opposed to a continuance. Defense counsel spoke with counsel for Christopher Rydberg, Andrew Wirmani, and he advised that he is opposed to a continuance due to having another trial in December 2023.

WHEREFORE, Dr. Taba respectfully requests this Court to continue the jury trial and the deadlines for filing all pretrial materials for 30 days in the above-entitled cause number.

Respectfully,

*/s/ Erin Brennan*
Erin Brennan
Texas Bar No. 24129239
Erin Brennan Law, PLLC
1920 McKinney Avenue, 7th Floor
Dallas, Texas 75201
214.810.2481
erin@erinbrennanlaw.com

4

**CERTIFICATE OF SERVICE**

  I, Erin Brennan, hereby certify that on August 8, 2023, I electronically filed the foregoing document using the ECF system of the United States District Court, Northern District of Texas. Pursuant to L. CRIM. R. 49.2(f), delivery of the automatically generated ECF notice constitutes service under FED. R. CRIM. P. 49(b) on the attorney(s) of record.

                */s/ Erin Brennan*
                ERIN BRENNAN


**CERTIFICATE OF CONFERENCE**

  I, Erin Brennan, hereby certify that on July 30, 2023, I conferred with co-counsel Andrew Wirmani and Tom Melsheimer, and they advised that they are opposed to a continuance. On the same date, I spoke with co-counsel Jeff Kearney, and he advised that he was unopposed to a two-week continuance but opposed to a 30-day continuance. On August 5, 2023, I spoke with Ethan Womble, and he advised that the government is opposed to any type of continuance.

                */s/ Erin Brennan*
                Erin Brennan

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **v.** | § § | **CRIMINAL ACTION NO.** |
| **MICHAEL TABA** | § § | **3:17-CR-155-L-07** |

## ORDER

On this ___ day of _____ 2023, came on to be heard Defendant Taba's Amended Motion for Continuance of Trial and Pretrial Materials Deadlines as to Defendant MICHAEL TABA. The Court finds good cause and is of the opinion that the motion has merit and should be granted. In accordance with 18 U.S.C. § 3161(h)(8)(A), the Court finds that the ends of justice served by the granting of a continuance of the trial date outweigh the best interests of the public and the Defendant in a speedy trial. The Court finds that the granting of the Motion for Continuance would promote judicial economy, and that neither the Defendants nor the Government would be harmed by the granting a continuance herein.

**IT IS THEREFORE ORDERED** that the case shall be continued to the Court's trial docket beginning on _____ 2023. Pretrial materials shall be due on _____ 2023.

**SO ORDERED**.

_____
**SAM A. LINDSAY**
**UNITED STATES DISTRICT JUDGE**