IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMSHID NORYIAN (01)<br>    a.k.a. JAMES NORYIAN<br>DESHID NOURIAN (02)<br>    a.k.a. DAVID NOURIAN<br>CHRISTOPHER RYDBERG (03)<br>MICHAEL TABA (07) | Case No. 3:17-CR-155-L |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT
MICHAEL TABA'S MOTION FOR CONTINUANCE OF
TRIAL AND PRETRIAL MATERIALS DEADLINES**

The United States of America files this response in opposition to defendant Michael Taba's Amended Motion for Continuance of Trial and Pretrial Materials Deadlines. (Dkt. 545.) The Court should deny the defendant's motion, which is based on shifting rationales, because he fails to demonstrate that a continuance is warranted, especially where he has two attorneys, more than three months to prepare, and a complete roadmap to the government's case.

As this Court well knows, the defendants were initially indicted nearly six and a half years ago, and the trial date has been continued several times. This is Defendant Michael Taba's fourth hiring of new counsel. In October 2022, trial began and the government nearly completed its case-in-chief before a mistrial was declared due to a medical emergency suffered by one of the defense attorneys. The current trial date has been set since December 20, 2022. (Dkt. 513.)

On August 7, 2023 – one week before an important pre-trial deadline – the defendant sought leave of the Court to file a motion continuing the trial date and pre-trial deadlines by thirty days. In support, the defendant claimed that "good cause exists due to an unforeseeable car accident that rendered Dr. Taba's prior counsel unable to work due to a prolonged concussion," and attached as exhibits emails and documentation concerning the medical condition of Mr. Ray. (Dkt. 542.) The following day, the defendant filed an amended motion, this time claiming that "good cause exists due to a fee agreement dispute with Dr. Taba's prior counsel which caused a significant delay in preparing for the upcoming trial." (Dkt. 543, ¶ 2.) The amended motion provides no explanation for this sudden shift in rationale;[1] however, counsel for the government spoke to Mr. Ray that same day, and he explained he was fully released to work by the middle of February 2023 and recently completed a trial before the Honorable Sean D. Jordan. *See* Exhibit A (email from Phillip D. Ray, Esq.). The motion to withdraw cites a fee dispute, rather than any medical issue, as the basis for Mr. Ray's withdrawal from the case. (Dkt. 526, ¶ 7.)

Setting aside the differing rationales offered for the purported delay in preparing for trial, when Mr. Ray sought to withdraw from this case, the government agreed not to oppose his withdrawal on the condition that the defendant *not* seek a continuance. (Dkt. 528, at 2.) Indeed, the Court initially referred Mr. Ray's motion to withdraw to

---

[1] The defendant subsequently filed a motion to withdraw his initial motion, which explains the sudden change as follows: "Subsequent to filing the motion, counsel learned from prior counsel, Philip Ray, that the delay in communications and trial preparations was caused by a fee agreement dispute as opposed to his concussion." (Dkt. 546.)

**United States' Response in Opposition to Defendant Michael Taba's Motion to Continue Trial and Pretrial Materials Deadlines—Page 2**

Magistrate Judge Toliver. (Dkt. Nos. 527, 533.) Had the government known the defendant would seek a continuance, it would have opposed prior counsel's withdrawal precisely because of the risk that the defendant would cite new counsel as a reason for further delaying trial.

Whether to continue a trial date is within the sound discretion of a district court. *United States v. German*, 486 F.3d 849, 854 (5th Cir. 2007). When a party seeking a continuance "complains of inadequate preparation time," the court considers "(1) the amount of preparation time available, (2) whether the defendant took advantage of the time available, (3) the likelihood of prejudice from a denial, (4) the availability of discovery from the prosecution, and (5) the complexity of the case." *United States v. Akins*, 746 F.3d 590, 608–09 (5th Cir. 2014) (citing *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007)). In employing this test, the Court should consider the totality of the circumstances of the case. *Id.* The Fifth Circuit will generally uphold a trial court's decision to deny a continuance, "even when [it] considers the decision to be a harsh one." *United States v. Hughey*, 147 F.3d 423, 431 (5th Cir. 1998); *see United States v. Messervey*, 317 F.3d 457, 461–62 (5th Cir. 2007) ("We review a district court's denial of a continuance for an abuse of discretion, and will order a new trial only where the defendant demonstrates serious prejudice." (citing *United States v. Kelly*, 973 F.2d 1145, 1147–48 (5th Cir. 1992)).

Here, factors one through four above weigh heavily against granting a continuance. The defendant has had more than three months to prepare for trial with two experienced attorneys. Defense counsel has long been aware of the trial date and in

possession of the transcripts and exhibits from the first trial. Although the case is complex, the defendant has a complete roadmap to the government's case from the first trial, greatly reducing the amount of time needed to prepare a defense. The government has also diligently re-produced all discovery to new counsel when they were unable to obtain it from Mr. Ray and made the physical evidence available for review. Indeed, defense counsel and the defendant have personally reviewed the physical evidence. (Dkt. 545.)

Given the amount of time available to his two attorneys, and the fact that the government nearly completed its case-in-chief during the first trial, the defendant cannot claim inadequate time to prepare or that he will suffer prejudice should the Court deny his request. Courts have denied requests for continuances where defendants had *significantly less* time to prepare. *See, e.g.*, United States v. Hayes, 267 F. Supp. 3d 827, 836–37 (W.D. Tex. 2016) (finding that twenty-four days was "sufficient to review, investigate, and rebut the documents that the Government produced"); United States v. Lewis, 476 F.3d 369, 387 (5th Cir. 2007) (holding that the district court did not abuse its discretion in denying a defendant's motion for continuance of the trial date where defense counsel was appointed *ten* days before trial in a "complex" case involving "ten defendants, even more witnesses, and voluminous discovery"); United States v. Stalnaker, 571 F.3d 428, 439 (5th Cir. 2009) (holding that the district court did not abuse its discretion in denying a defendant's motion for continuance, where defense "counsel had several weeks to prepare," the government "provid[ed] organized discovery binders," and defense "counsel is a seasoned attorney"); United States v. Shepherd, 27 F.4th 1075,

1085 (5th Cir. 2022) (holding that the district court did not abuse its discretion in denying a defendant's motion for a continuance of the trial date where defense counsel had "about three-and-a-half weeks to get ready for trial.").

Finally, it bears noting that all of three of his co-defendants oppose a thirty-day continuance, and two of his co-defendants oppose any continuance. The current trial date has been set since December 20, 2022. The likelihood that any continuance will create a conflict for one of his co-defendants is high, and it goes without saying that this Court has a very busy docket.

## CONCLUSION

For the reasons stated above, the Court should deny the defendant's request for a continuance. Alternatively, if the Court is inclined to grant any continuance, it should modify the pre-trial deadlines while leaving the trial date in place.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

GLENN S. LEON, CHIEF
FRAUD SECTION, CRIMINAL DIVISION

/s/ Ethan T. Womble
Ethan T. Womble
Edward E. Emokpae
Alexander T. Pogozelski
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice
1100 Commerce Street, 3rd Floor
Dallas, TX 75242
Phone: (202) 674-5653
Ethan.Womble@usdoj.gov

United States' Response in Opposition to Defendant Michael Taba's Motion to Continue Trial and Pretrial Materials Deadlines—Page 5