Steven M. Wells
Steven M. Wells, P.C.
431 W. 7th Ave.
Ste. 107
Anchorage, AK  99501
(907)279-3557
(907)279-3558 fax
steve@alaskalegaldefense.com

Attorney for Defendant

# United States District Court
# Northern District of Texas
# Dallas Division

| | |
|---|---|
| United States of America, | Case No. 17-cr-155-L |
| Plaintiff, | |
| v. | Proposed Jury Instructions |
| Jamshid Noryian, A.K.A. James Noryian, *et. al.*, | |
| Defendants. | |
| This pleading pertains to | |
| Michael Taba, [D-07] | |

Michael Taba, accused, hereby provides this list of his proposed Jury Instructions. These were taken from the Pattern Jury Instructions for the Fifth Circuit (2019) and set out in abbreviated form below. Dr. Taba reserves the right to add, subtract or modify these instructions depending upon the evidence introduced at trial.

PRELIMINARY INSTRUCTIONS

| | |
|---|---|
| 1.01 | Preliminary Instructions |
| 1.02 | Note Taking By Jurors, Alternative B |
| 1.05 | Presumption of Innocence, Burden of Proof, Reasonable Doubt |
| 1.06 | Evidence – Excluding What Is Not Evidence |
| 1.08 | Evidence – Inferences – Direct and Circumstantial, Alternative B |
| 1.09 | Credibility of Witnesses |
| 1.11 | Impeachment by Prior Inconsistencies |
| 1.15 | Accomplice – Informer - Immunity |
| 1.16 | Accomplice – Co-Defendant – Plea Agreement |
| 1.18 | Expert Opinion Testimony |
| 1.21 | Caution – Consider Only Crime Charged |
| 1.23 | Defendant – Multiple Counts |
| 1.25 | Multiple Defendants – Multiple Counts |
| 1.26 | Duty to Deliberate |
| 1.29 | Statement – Voluntariness (Multiple Defendants) |

1.41    "Knowingly" – To Act

1.43    "Willingly" – To Act

1.50    Summaries and Charts Not Received in Evidence

1.51    Summaries and Charts Received in Evidence Pursuant to F.R.E. 1006

SUBSTANTIVE OFFENSE INSTRUCTIONS

2.59    Health Care Fraud

2.15    Conspiracy

PARTICULARIZED INSTRUCTIONS

Dr. Taba submits the attached particular instructions.

Instruction No. _____

Good Faith

The good faith of Dr. Taba is a complete defense to the charges of the indictment because good faith is, simply, inconsistent with the intent to defraud alleged in counts 1 and 7 – 9.

A person who acts or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect or wrong.

An honest mistake in judgment or error in management does not rise to the level of intent to defraud.

A defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes material false or fraudulent representations to others.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case.

In determining whether or not the government has proven beyond a reasonable doubt that the defendant acted with an intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises, or whether the defendant acted in good faith, the jury must consider all of the evidence in the case bearing on the defendant's state of mind.

It is also not a defense to charges of health care fraud that the victim may have been gullible or negligent. The laws against fraud are designed to protect the naïve and careless as well as the experienced and careful. While good faith is a defense to health care fraud, an honest belief in the ultimate success of the enterprise is not, in itself, a defense.

Instruction No. _____

Good Faith

The good faith of Dr. Taba is a complete defense to the charges of the indictment because good faith is, simply, inconsistent with the intent to defraud alleged in counts 1 and 7 – 9.

A person who acts or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect or wrong.

An honest mistake in judgment or error in management does not rise to the level of intent to defraud.

A defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes material false or fraudulent representations to others.

While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case.

In determining whether or not the government has proven beyond a reasonable doubt that the defendant acted with an intent to obtain money or property by means of false or fraudulent pretenses, representations, or promises, or whether the defendant acted in good faith, the jury must consider all of the evidence in the case bearing on the defendant's state of mind.

It is also not a defense to charges of health care fraud that the victim may have been gullible or negligent. The laws against fraud are designed to protect the naïve and careless as well as the experienced and careful. While good faith is a defense to health care fraud, an honest belief in the ultimate success of the enterprise is not, in itself, a defense.

AUTHORITY

*United States v. Kimmel,* 777 F.2d 290 (5th Cir. 1985); *United States v. Beebe,* 792 F.2d 1363 (5th Cir. 1986).

Instruction No. _____

### Authority to Delegate

A physician may delegate to a qualified and properly trained person acting under the physician's supervision any medical act that a reasonable and prudent physician would find within the scope of sound medical judgment to delegate if, in the opinion of the delegating physician:

The act:

Can be properly and safely performed by the person to whom the medical act is delegated;

Is performed in its customary manner; and

Is not in violation of any other statute; and

The person to whom the delegation is made does not represent to the public that the person is authorized to practice medicine.

Instruction No. _____

Authority to Delegate

A physician may delegate to a qualified and properly trained person acting under the physician's supervision any medical act that a reasonable and prudent physician would find within the scope of sound medical judgment to delegate if, in the opinion of the delegating physician:

The act

Can be properly and safely performed by the person to whom the medical act is delegated;

Is performed in its customary manner; and

Is not in violation of any other statute; and

The person to whom the delegation is made does not represent to the public that the person is authorized to practice medicine.

Authority

V.T.C.A. §157.001.

Instruction No. _____


Authority to Provide Drugs and Other Supplies


A physician licensed in Texas may supply a patient with any drug, remedy, or clinical supply necessary to meet the patient's immediate needs.

Instruction No. _____


Authority to Provide Drugs and Other Supplies


A physician licensed in Texas may supply a patient with any drug, remedy, or clinical supply necessary to meet the patient's immediate needs.


Authority

V.T.C.A. §158.001

Instruction No. _____

A Physician's Good Faith

A physician who acts in good faith and with reasonable care, regardless of whether the physician follows the guidelines adopted under this chapter, is not subject to criminal or civil liability or any professional disciplinary action for:

(1) prescribing or failing to prescribe an opioid antagonist; or

(2) any outcome resulting from the eventual administration of an opioid antagonist prescribed by the physician.

Instruction No. _____

A Physician's Good Faith

A physician who acts in good faith and with reasonable care, regardless of whether the physician follows the guidelines adopted under this chapter, is not subject to criminal or civil liability or any professional disciplinary action for:

(1) prescribing or failing to prescribe an opioid antagonist; or

(2) any outcome resulting from the eventual administration of an opioid antagonist prescribed by the physician.

Authority

V.T.C.A. §170.003

DATED this 14th day of August, 2023, at Dallas, Texas.

        Steven M. Wells, PC
        Attorneys for Defendant

By:   /s/ Steven M. Wells  .
       Steven M. Wells
       ABA #0010066
       *Pro hac vice*

       Erin Brennan
       Attorney at Law

By:   /s/ Erin Brennan  .
       TX Bar No.: 24129239

CERTIFICATE OF SERVICE

I certify that on August 14, 2023,
I served a copy of the Proposed
Jury Instructions Through ECF on:

All parties of record

/s/ Steven M. Wells  .
Steven M. Wells, PC