IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMSHID NORYIAN (01)<br> a.k.a. JAMES NORYIAN<br>DESHID NOURIAN (02)<br> a.k.a. DAVID NOURIAN<br>CHRISTOPHER RYDBERG (03)<br>MICHAEL TABA (07) | Case No. 3:17-cr-155-L |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL TABA'S MOTIONS FOR LEAVE TO FILE LATE PRETRIAL MOTIONS**

The United States of America files this response in opposition to defendant Michael Taba's Motion for Leave to File Motion to Suppress (Dkt. 557) and Motion for Leave to File Motion to Release Grand Jury Transcripts or, in the Alternative, Motion for *In-Camera* Review. (Dkt. 558.) The Court should deny both of the motions for leave, as good cause has not been shown for why these motions could not have been filed in the past six years since Defendant Michael Taba was charged.

As this Court well knows, the defendants were initially indicted nearly six and a half years ago, and the trial date has been continued several times. Defendant Michael Taba is now on his fourth set of legal counsel. In October 2022, trial began and the government nearly completed its case-in-chief before a mistrial was declared due to a medical emergency suffered by one of the defense attorneys. The current trial date has been set since December 20, 2022. (Dkt. 513.)

Having already unsuccessfully moved the Court to once again continue the trial setting in this case (Dkts. 545, 549), Defendant Taba is lodging yet another eleventh-hour attempt to delay or disrupt trial—this time with motions seeking to dismiss the case or, at a minimum, limit the inculpating evidence against him. This evidence has been produced and known to him and his previous counsel for many years. In his most recent motions, Taba argues that good cause exists for leave to be granted because of the recent hiring of new counsel and the time necessary for them to review discovery in this case to be able to file the current motions. (Dkts. 557 at 2–3; 558 at 1–2.) The hiring of new counsel does not establish good cause, however, and Defendant misconstrues how good cause and prejudice are to be viewed in this situation. Under Rule 12(c)(3), a court may consider an issue not timely raised under Federal Rule of Criminal Procedure 12(b)(3) only upon a showing of "good cause," which requires a showing of cause and prejudice. *United States v. Dennis*, 41 F.4th 732, 740 (5th Cir. 2022) (citing *United States v. Williams*, 774 Fed. Appx. 871, 876 (5th Cir. 2019)). A change in counsel alone is not sufficient to constitute good cause for late filing.  *See Dennis*, 41 F.4th at 740.; *see also United States v. Gulley*, 780 F. App'x 275, 283 (6th Cir. 2019). This point is made even stronger by the fact that, in *Dennis*—which also involved a late-filed motion to suppress—new counsel made an appearance a month before trial. *See* 41 F.4th at 740. Here, however, new counsel for Defendant Taba have been on the case for nearly three months.

As the Court summarized in its most recent order, the defendant has had seven attorneys represent him prior to his current counsel. (Dkt. 549.) When he moved to substitute counsel earlier this year, the Government's lack of opposition to that motion

and the Court's granting of that motion were premised on the condition that Taba not seek another continuance. (Dkts. 528, 549.) Even where good cause for attorney withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981).

As it concerns the subjects of the late pretrial motions Defendant seeks to file, this specific information has been known to him for some time. For his proposed Motion to Suppress, the interview at issue occurred over seven years ago, in May 2016, and the defendant has been well aware of the circumstances surrounding that interview since that date. (Dkt. 557.) Additionally, Defendant had the benefit of seeing the agent testify at trial last time, the opportunity to cross-examine her, and over nine months since then to raise this issue. The same is true for his proposed Motion to Release Grand Jury Transcripts. (Dkt. 558.) He has known about the existence of grand jury transcripts for over six years. Even calculated from the point at which Leyla Nourian and Sherri Mofid were dismissed from this case—which forms the basis for Defendant's motion on this point—Defendant still had ten months to seek leave to file the motions he now wants to file three weeks before trial begins. (Dkts. 432, 433.) Additionally, the defendant would have known of any alleged lack of payments from the remaining defendants since the day he was charged. Regardless, Defendant Taba is charged with conspiracy and aiding and abetting. (Dkt. 162.) In light of the relevant standards for those crimes and the other evidence that has already been and will be presented at trial tying him to the fraudulent scheme, the dismissal of two of the previous defendants does not diminish his relative

culpability. At bottom, the current motions for leave are simply last-ditch attempts to engage in pretrial litigation over three-and-a-half years after the initial pretrial motions deadline has passed. (Dkts. 183, 269.)

Defendant's decision to find new counsel after the first trial and six years after he was charged does not reset the clock for his new counsel to engage in a fishing expedition or to employ new legal theories or strategies to limit the evidence against him at trial. Rather, the standard of Rule 12 and the Court's deadlines are enforceable against *the defendant*. No good cause exists—and no prejudice can attach—to a failure on the part of the defendant, through his hired legal counsel, to timely file these motions in the more than six years leading up to now. To hold otherwise would create perverse incentives for defendants, where their hiring of new counsel would essentially reset the clock each time, allowing them to continually delay trial, test out different legal strategies, and drain judicial resources.

## CONCLUSION

For the reasons stated above, the Court should deny the defendant's motions for leave outright, as no good cause has been shown for leave to file these untimely motions.

(continued on the next page)

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

GLENN S. LEON
CHIEF, FRAUD SECTION

*/s/ Ethan T. Womble*
ETHAN T. WOMBLE
EDWARD E. EMOKPAE
ALEXANDER T. POGOZELSKI
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice
1100 Commerce Street, 3rd Floor
Dallas, TX 75242
Phone: (202) 674-5653
ethan.womble@usdoj.gov