IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMSHID NORYIAN (01)<br>  a.k.a. JAMES NORYIAN<br>DEHSHID NOURIAN (02)<br>  a.k.a. DAVID NOURIAN<br>CHRISTOPHER RYDBERG (03)<br>MICHAEL TABA (07) | CRIMINAL NO. 3:17-cr-155-L |

**THE UNITED STATES OF AMERICA'S OBJECTIONS TO DEFENDANT
MICHAEL TABA'S WITNESSES AND EXHIBITS**

The United States of America files the following objections to Defendant Michael Taba's Witnesses and Exhibits.  (*See* Dkts. 579, 578, and 581.[1])

## I.  OBJECTIONS TO WITNESSES

**Expert Testimony from Any Witness Called by Defendant Taba**

The government objects to any expert opinions from witnesses called by Taba under Federal Rule of Evidence 702, subject to meaningful review of any expert notices filed by Taba.  Fifteen minutes before the filing deadline for these objections, Taba filed short expert disclosures that were not inconformity with Federal Rule of Criminal Procedure 16.  The government has not received any expert reports, full bases for the opinions, or a complete summary of any conclusions these witnesses intend to offer at trial as required by Federal Rule of Criminal Procedure 16.  The Defendant's list of witnesses includes Dr.

---

[1] This exhibit was stricken per the Court's Order. (*See* Dkt. 582.) The exhibits referenced in Dkt. 578 were sent to the government on August 20, 2023, as exhibits for Dkt. 581. As explained in more detail below, some of the exhibits were missing or incorrectly labeled in the production to the government.

**The United States of America's Objections to Defendant Michael Taba's Witnesses and Exhibits | Page 1**

David Lewis, Dr. Neal Small, Dr. Daniel Buffington, and purported handwriting expert Bart Baggett.

A witness who is qualified as an expert may testify in the form of an opinion or otherwise if (1) the expert's specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. Under Rule 702, and pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, (1993), "expert testimony is admissible . . . only if it is both relevant and reliable," *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244-45 (5th Cir. 2002). The proponent of the expert testimony has the burden of showing that the testimony is reliable. *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

Here, Taba has not met his burden to show that his proffered expert testimony is reliable. As noted, as of the time of this filing, he has not provided sufficient documentation in support of the expert witnesses included on his witness list, to include expert reports created in preparation for litigation; a sufficient summary of the principles and methods the witness relied upon that relate to his testimony; or a complete summary of the expected testimony from each witness, including all opinions and conclusions reached. Based on the brevity and late timing of the disclosures and the missing Rule 16 information, the government is unable to adequately assess the relevance and reliability of any expert testimony that may be elicited from the witnesses listed in Taba's witness list or the experts' qualifications to opine on the topics of their testimony.

**The United States of America's Objections to Defendant Michael Taba's Witnesses and Exhibits | Page 2**

Accordingly, all expert testimony from witnesses called by Taba should be excluded. Short of that, the government respectfully reserves the right to file a *Daubert* challenge or any other substantive objections to these witnesses once Taba meets his Rule 16 obligations. The Court should not permit this evidence to be presented without first holding a *Daubert* hearing so that the government can inquire regarding the proposed experts' opinions and methodology. In addition, the Court should order Taba to disclose:

- Any expert reports created in preparation for litigation;
- A summary of the principles and methods the witness relied upon that relate to his testimony;
- A summary of the expected testimony from each witness, including opinions and conclusions reached;
- The process for selecting any handwriting samples that Bart Baggett used for comparison in conducting his analysis;
- Prior testimony for any witness not previously included on a CV or otherwise disclosed to the government; and
- Retention and payment information for all witnesses.

## II.   OBJECTIONS TO EXHIBITS[2]

Taba filed an Exhibit List adopting all government and co-defendant exhibit lists filed in this case. (*See* Dkt. 578.) In addition to the below, the government incorporates by reference its objections to the other Defendant exhibits in this case and reserves the right to object to any new exhibits offered by Defendant Michael Taba at trial.

| Defense Exhibit No. | Bases for Objections |
|---|---|
| 1–7 (Internal Documents related to Advanced Orthopedics) | **FRE 402, 403, 802, 901** |

---

[2] The government files these objections to the Exhibits it has received from Defendant Taba as of the time of this filing. Some of the Exhibits the government received from Taba do not match Taba's filed Exhibit List. (*See* Dkts. 578 and 581.) Several Exhibits were listed but not produced. **The only exhibits for Defendant Taba that the government presently agrees are admissible are copies of Medical Charts for Patients RC, LB, and JA, which were produced by the government to Taba during discovery in this case. Those exhibits were marked as Ex. Nos. 11, 12, and 13 in the Exhibits received from Taba on August 20, 2023.**

| Defense Exhibit No. | Bases for Objections |
|---|---|
| 8 (Internal Compounding Protocol) | FRE 802 and 901 |
| 9, 10, 14–56 (Patient Medical Charts) | FRE 402, 403, 802 and 901[3] |
| 57–61 (Various Email Communication) | FRE 802 and 901 |
| 62 and 63 (Emails from Unrelated Individuals) | FRE 402, 403, 802, 901[4] |
| 64 (Fax from Melissa Driver to James Noryian) | FRE 802 and 901[5] |
| 65–67 (Clinic Schedule, Billing Records, and Notes) | FRE 402, 403, 802, 901[6] |
| 68, 71–73 (CVs for Proposed 702 Witnesses) | FRE 402, 403, 802, 901 |
| 69 and 70 (Compounding Cream Article and Voltaren Gel Insert) | FRE 402, 403, 802 and 901[7] |
| 74–77 (Bulletin, Notes, and Information about Creams and Prescriptions) | FRE 402, 403, 802, and 901[8] |
| 78–80 (Kevin Williams' Plea Agreements and Resume) | FRE 402, 403, and 802 |
| 81 (Fax from Judy Bachman to Melissa Driver) | FRE 402, 403, 802, 901[9] |

---

[3] The Exhibits provided by Dr. Taba did not include Ex. Nos. 15, 16, 18–23, 26, 27, 29–56 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[4] The Exhibits provided by Dr. Taba did not include Ex. No. 62 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[5] The Exhibits provided by Dr. Taba did not include Ex. No. 64 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[6] The Exhibits provided by Dr. Taba did not include Ex. No. 65 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[7] The Exhibits provided by Dr. Taba did not include Ex. No. 69 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[8] The Exhibits provided by Dr. Taba did not include Ex. Nos. 74–77 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[9] The Exhibits provided by Dr. Taba did not include Ex. No. 81 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.

| Defense Exhibit No. | Bases for Objections |
|---|---|
| 97 (Memorandum of Interviews by government) | FRE 402, 403, 802[10] |
| 98 (Bandoola Loans) | FRE 802 and 901[11] |
| 99 Email from Megan Marines to William May) | FRE 802 and 901[12] |
| 100 (Electronic Medical Records Work Flow Fax System) | FRE 402, 403, 802, 901 |
| 101 (Standard Operating Procedure Re: Refills of Prescriptions) | FRE 402, 403, 802, 901[13] |
| 102 (Dr. Taba's Office Billing) | FRE 402, 403, 802, 901[14] |
| 103 and 104 (CVS Audit Documents) | FRE 402, 403, 802, 901 |
| 105 and 106 (Bank Records for Taba and Advanced Orthopedics) | FRE 802 and 901 |
| 107–113 (Taba's Personal Tax Returns 2012 – 2018) | FRE 402, 403, 802, 901[15] |
| 114–120 (Advanced Orthopedics' Tax Returns 2012–2018) | FRE 402, 403, 802, 901[16] |
| 121 (Letter of Intent to Lease 411 N. General Bruce Property) | FRE 402, 403, 802, 901[17] |

---

[10] The Exhibits provided by Dr. Taba did not include Ex. No. 97 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[11] The Exhibits provided by Dr. Taba did not include Ex. No. 98 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[12] The Exhibits provided by Dr. Taba did not include Ex. No. 99 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[13] The Exhibits provided by Dr. Taba did not include Ex. No. 101 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[14] The Exhibits provided by Dr. Taba did not include Ex. No. 102 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[15] The Exhibits provided by Dr. Taba did not include Ex. Nos. 107–113 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[16] The Exhibits provided by Dr. Taba did not include Ex. Nos. 114–120 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.
[17] The Exhibits provided by Dr. Taba did not include Ex. No. 121 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.

| Defense Exhibit No. | Bases for Objections |
|---|---|
| 122 (Cashier's Check - Not Used for Intended Purpose) | FRE 802 and 901 |
| 123 (Forged Prescriptions) | FRE 802 and 901 |
| 124 (Apothecary Creams) | FRE 402, 403, 802, 901 |
| 125 (Authorized Prescription) | FRE 802 and 901 |
| 126 and 127 (Loan Checks from Taba) | FRE 802 and 901 |
| 128 (Certified Copy of Civil Judgement) | FRE 802 and 901[18] |
| 129 (Certified Copy of Appellate Bond) | FRE 802 and 901 |
| 130 (Loan Satisfaction Letter) | FRE 802 and 901 |
| 131 (Civil Settlement Agreement) | FRE 802 and 901[19] |
| 132 and 133 (Letters from OWCP) | FRE 802 and 901 |

### III.  CONCLUSION

For the foregoing reasons, the government objects to the above-referenced witnesses and exhibits for Defendant Michael Taba.

>
> Respectfully submitted,
>
> LEIGHA SIMONTON
> UNITED STATES ATTORNEY
>
> GLENN S. LEON
> CHIEF, FRAUD SECTION
>
> */s/ Edward E. Emokpae*
> EDWARD E. EMOKPAE
> ETHAN T. WOMBLE
> ALEXANDER T. POGOZELSKI

---

[18] The Exhibits provided by Dr. Taba includes an exhibit of a check, which does not match the exhibit description. Thus, the government's "review" is based on the representation on the Exhibit List.

[19] The Exhibits provided by Dr. Taba did not include Ex. No. 131 from the Exhibit List. Thus, the government's "review" is based on the representation on the Exhibit List.

**The United States of America's Objections to Defendant Michael Taba's Witnesses and Exhibits | Page 6**

>Trial Attorneys
>Fraud Section, Criminal Division
>U.S. Department of Justice
>Maryland State Bar. No. 1312170262
>1100 Commerce Street, 3rd Floor
>Dallas, TX 75242
>Phone: (202) 875-1551
>Edward.Emokpae@usdoj.gov

**The United States of America's Objections to Defendant Michael Taba's Witnesses and Exhibits | Page 7**