**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **v.** | **NO.:  3:17-CR-00155-L** |
| **MICHAEL TABA (7)** | |

**MOTION FOR LEAVE TO FILE PLEADING ASSERTING SIXTH AMENDMENT**
**VIOLATIONS IN EXCESS PAGES**

Michael Taba moves the Court for leave to file the attached Motion for New Trial based on Sixth Amendment Violations and supporting exhibits and declarations.

Upon enrolling on behalf of Dr. Taba and conducting an investigation, undersigned counsel discovered significant ethical violations impacting Dr. Taba's defense. Dr. Taba is the unwitting victim of Christina Black, president of Physicians Against Abuse, who solicited him to conduct his defense, extracted more than $600,000 in fees in from him, engaged in the unauthorized practice of law, hired and fired his attorneys at whim, interfered with his relationships with those attorneys by refusing to pay them and manipulating their access to information, and campaigned against them to Dr. Taba privately.  Ms. Black also created fraudulent invoices and presented them to Dr. Taba for payment.

Much of the legal work performed on behalf of Dr. Taba was not done by a licensed attorney, and his attorneys labored under a conflict of interest that prejudiced his defense and interfered with his right to conflict-free counsel, and to counsel of his choice.  Undersigned counsel has an obligation under the Texas Disciplinary Rules of Professional Conduct, Rule 8.03, to report professional misconduct and contemporaneous with the filing of this motion, has provided a copy to the Texas Unauthorized Practice of Law Committee and to the Chief Disciplinary Counsel in the Dallas Regional Office.

The gravity and complexity of the facts giving rise to these violations warrant a brief exceeding N. Dist. Tex. Loc. Crim. R. 42.7(c)'s 25-page limit. Undersigned counsel has endeavored to summarize in the brief the exhibits attached to the pleading to cover only the most critical (but not all) of the communications and pleadings that provide the basis for the violations. Professor Renee Knake Jefferson's expert report addresses the ethical misconduct, but the supporting brief must address how these violations prejudiced Dr. Taba. Extra pages are necessary to adequately brief the issues, and care is made not to belabor any point.

Counsel for the government objects to the filing of this pleading. Even after being put on notice of ethical and criminal violations concerning Dr. Taba's defense as set forth in the above paragraphs, government demands that Dr. Taba file all motions in a single document limited to 40 pages. This would Dr. Taba to forfeit one or more of his post-trial claims in order to file this pleading. And doing so would require him to waive his Fifth Amendment to due process and to be found guilty of every element of each offense, among other things, in order to assert his Sixth Amendment right to the effective assistance of counsel and to conflict-free counsel. This is not permitted. Simmons v. United States, 390 U.S. 377, 394 (1968) ("[W]e find it intolerable that one constitutional right should have to be surrendered in order to assert another.").

Claims not adequately briefed are forfeited. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021). And counsel has an ethical duty to preserve a defendant's claims. "At every stage of representation, defense counsel should take steps necessary to make a clear and complete record for potential review." American Bar Association, Criminal Justice Standards for the Defense Function, Standard 4-1.5 (4th ed. 2017). Dr. Taba proposes the attached brief in support of his Sixth Amendment claims. A brief of this length is necessary for these unusual claims to be presented and preserved.

Respectfully submitted,

*/s/ Sara A. Johnson*
Sara A. Johnson
Texas Bar No. 24117874
700 Camp Street
New Orleans, LA 70130
(504) 528-9500
sara@sarajohnsonlaw.com

Counsel for Michael Taba

## CERTIFICATE OF CONFERENCE

Pursuant to the local rules of the Northern District of Texas, I certify that I conferred with Ethan Womble about this request and he indicated that the government opposes this request. Mr. Womble requested to see Dr. Taba's counsel's work product, which she declined. Mr. Womble responded: "In light of the Court's order that defendants consolidate all of their Rule 29 and 33 arguments into one brief and the Court's extension of the page-limit for that brief to 40 pages (Dkt. 736), the government is opposed to Dr. Taba filing any additional Rule 33 motions and opposed to any page-limit extension for such a motion, if he is allowed to file it. We ask that you characterize our position accordingly."

Dated:  July 8, 2024.                    */s/Sara A. Johnson*
                                          Sara A. Johnson

## CERTIFICATE OF SERVICE

This certifies that I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

Dated:  July 8, 2024.

                                          */s/Sara A. Johnson*
                                          Sara A. Johnson