IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL TABA (07) | NO. 3:17-cr-00155-L |

# THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE

The United States of America files this response to Defendant Michael Taba's Motion for Leave to File an additional Motion for New Trial contrary to the Court's order in this case. (*See* Dkts. 863, 736.) The Court should deny the motion for leave, as the proposed motion exceeds the limits set in the Court's order regarding posttrial briefing and is more appropriate as a claim for ineffective assistance of counsel brought under 28 U.S.C. § 2255. In the alternative, if the Court is inclined to grant the motion for leave, Taba should be required to abide by the Court's order to file one amended posttrial motion brief of 40 pages or less. (*See* Dkt. 736.)

On November 29, 2023, the Court modified the briefing schedule for posttrial motions in this case, requiring all of the convicted defendants to file "**one** brief per Defendant setting forth all arguments—under Federal Rules of Criminal Procedure 29 and 33—the court should consider in granting their posttrial motions." (Dkt. 736.) That order also required that the brief "not exceed 40 pages." (*Id.*) On July 8, 2024, Taba filed a 30-page Motion for Judgment (R. 29) of Acquittal and Motion for New Trial (R. 33), alleging insufficiencies in the government's case and jury's verdict at trial. (*See* Dkt. 860.) That

same day, counsel for Taba reached out to counsel for the government to get its position on the instant motion for leave to file a second posttrial motion. The undersigned asked to see the proposed motion—which counsel indicated they planned to file that day and which was filed a few hours later—not to see counsel's work product but to meaningfully evaluate the reasonableness of Taba's request for leave. Counsel for Taba denied that request, and the government stated its opposition to the motion for leave consistent with the Court's briefing order. Following that exchange, Taba filed the opposed motion for leave, requesting to file an additional, 52-page Rule 33 motion alleging ineffective assistance of counsel. (*See* Dkts. 863; 863-2.) Attached to that proposed motion were over 500 pages of exhibits, which were disclosed to the Government for the first time when the motion was filed and many of which contained internal communications between Taba and his defense team. (*See* Dkt. 863-3–28.)

In the motion for leave, Taba alleges a spate of purportedly newly discovered ethical violations by attorneys (including his current counsel) and consultants he hired and consistently communicated with before and throughout trial that, he claims, amount to a violation of his Sixth Amendment right to effective assistance of counsel and to conflict-free counsel. (*Id.* at 2.) "A defendant may raise a claim of ineffective assistance of counsel in a motion for a new trial." *United States v. Bishop*, 629 F.3d 462, 469 (5th Cir. 2010). However, the United States Supreme Court has emphasized that a § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504 (2003). In a § 2255 proceeding, the trial court has the ability to fully develop the record regarding claims of ineffective assistance of counsel, including

considering issues separate from the trial itself, by holding evidentiary hearings and taking testimony from witnesses, including counsel alleged to have rendered the deficient performance. *Massaro*, 538 U.S. at 505–06. "Because a crucial element of a fair trial is absent when defense counsel is constitutionally ineffective, the preferred device for raising an ineffective assistance claim is a federal habeas petition." *United States v. Medina*, 118 F.3d 371, 373 (5th Cir. 1997). "That mechanism, rather than a new trial, seems best to accommodate the interests in finality and fairness with respect to ineffective assistance of counsel claims." *United States v. Ugalde*, 861 F.2d 802, 809 (5th Cir. 1988). In *Ugalde*, the Fifth Circuit explained that new trial motions based on newly discovered evidence "are disfavored by the courts" and are granted only if the defendant can pass an "unusually stringent substantive test." *Id.* at 808 (citations omitted). "Such motions are most appropriate when the newly discovered evidence 'goes directly to proof of guilt or innocence.'" *Medina*, 118 F.3d at 373 (quoting *Ugalde*, 861 F.2d at 808–09).

Here, the proposed motion amounts to Taba's post-verdict buyer's remorse over attorneys and consultants he hired and granted authority regarding the conduct of his defense. This includes the decision to hire a consulting group, Physicians Against Abuse, hire and fire a revolving door of attorneys over the past several years, and other matters of trial strategy, including the strategy of how to conduct of witness examinations and present evidence. (*See* Dkt. 863-2.) "[C]onscious and informed decision[s] on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008). "Judicial scrutiny of counsel's performance must be

highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Taba has not shown good cause for why a motion for leave should be granted for the Court to consider his allegations at this juncture rather than through the normal § 2255 process. First, investigation and litigation of these allegations in the context of a Rule 33 motion would require obtaining sworn statements from other members of Taba's defense team, potentially an evidentiary hearing where witnesses would be called, and developing the record further. Effectively, the Court would be required to hold a mini-trial on these matters prior to Taba even being sentenced.[1] Second, Taba's motion raises issues of alleged ineffective assistance of counsel that are separate from whether the Rule 33 standard for a new trial is met. Specifically, whether a representative for Physicians Against Abuse, Christina Black, practiced law without a license[2] is a separate question from whether Taba received ineffective assistance of counsel from the attorneys he hired and who were the only ones trying the case in the courtroom. The Court should reject Taba's attempt to litigate that allegation against Ms. Black in the context of a Rule 33 motion, which is

---

[1] The government is concerned that the motion has created a conflict of interest between Taba and at least two of Taba's current counsel, Brady Wyatt and Robert M. Castle III. Taba makes allegations about the effectiveness of the trial team, which included Mr. Wyatt and Mr. Castle. Neither has withdrawn from their presentation of Taba. Further, the motion includes a declaration from each of Mr. Wyatt and Mr. Castle and involves events to which one or both of the attorneys appear to have been a witness. This appears to create further conflict, as each would likely be a witness in any future hearing, and their effectiveness as counsel would be at issue during such a hearing. (*See* Dkt. 863-24, Declaration of Brady Wyatt; Dkt. 863-26, Declaration of Robert M. Castle III; Dkt. 863-2 at 19, 21–26, 34, 41, 55.) As a result, their personal interests may be contrary to those of their current client.

[2] Given the posture and lack of its own investigation into these matters, the government takes no position on the merits of this allegation by Taba.

limited to whether Taba received a trial that was not fundamentally unfair. *See Medina*, 118 F.3d at 373 ("We emphasize finality in the context of Rule 33 because of our confidence that, whatever facts were unknown at the time of trial, the trial itself was not fundamentally unfair."). Instead, as in *Medina*, Taba may more appropriately and effectively bring these claims in a § 2255 motion and proceeding, as is the preferred method for raising such claims. *See Massaro*, 538 U.S. at 504.

In the alternative, if Taba is allowed to proceed on his ineffective assistance claims via a Rule 33 motion, the Court should require him to do so within the confines of its order regarding posttrial motions. In short, his request to file an additional, 52-page Rule 33 motion (with over 500 pages of exhibits) alleging claims better fit for a § 2255 motion on top of the 30-page Rule 33 motion he has already filed is unreasonable. If the Court is inclined to allow this ineffective assistance claims in this posture, it should require Taba to amend his filed Rule 33 motion to comply with the Court's limitations on posttrial motions that apply to—and have been complied with—by the other defendants. (*See* Dkts. 861, 862.)

Further, if the Court grants the motion in full or in part as proposed above, the government respectfully seeks additional time to respond to the motion and likely will request an evidentiary hearing to respond to the allegations contained in the proposed motion. The government will need to request such an extension of time because, before the government can file a brief responding to the ineffective assistance of counsel claims, it will need to seek an order from the Court directing additional members of Taba's trial team to file affidavits, seek clarity from the Court as to the extent of Taba's waiver of attorney-

client and work-product privileges (especially in light of the fact that litigation in this Court and on direct appeal is not complete), likely request a ruling from the Court regarding potential conflicts of Taba's current counsel, and conduct its own factual investigation of Taba's allegations.

For the foregoing reasons, the motion for leave should be denied.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

GLENN S. LEON
CHIEF, FRAUD SECTION


*/s/ Ethan Womble*
ETHAN WOMBLE
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
24102757 State Bar No.
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 202-674-5653
Fax: 214-659-8809
Email: ethan.womble@usdoj.gov